Plaintiff's Name BRANDON JAQUAY HOLMES

Inmate No. 73170-004

Address U.S.P. Lewisburg P.O. Box 1000
Lewisburg, PA 17837

**FILED**

OCT 0 9 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON JAQUAY HOLMES

(Name of Plaintiff)

vs.

Christian Lepe
Hector Alfonso Rios Jr.

(Names of all Defendants)

1: 1 2 CV 0 1 6 4 9   MJSPC

(Case Number)

COMPLAINT

Bivens Action [403 U.S. 388 (1971)]

"JURY TRIAL DEMANDED"

## I. Previous Lawsuits (list all other previous or pending lawsuits on back of this form):

A. Have you brought any other lawsuits while a prisoner? Yes ___ No ✓

B. If your answer to A is yes, how many? _____
Describe previous or pending lawsuits in the space below.
(If more than one, use back of paper to continue outlining all lawsuits.)

**RECEIVED**

OCT 0 9 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____DEPUTY CLERK

1. Parties to this previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if Federal Court, give name of District; if State Court, give name of County)

3. Docket Number _____  4. Assigned Judge _____

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)

6. Filing date (approx.) _____  7. Disposition date (approx.) _____

**II.     Exhaustion of Administrative Remedies**

A.     Is there an inmate appeal or administrative remedy process available at your institution?

Yes ✓  No____

B.     Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

Yes ✓  No____

If your answer is no, explain why not_____

_____

_____

C.     Is the process completed?

Yes ✓  If your answer is yes, briefly explain what happened at each level.
I was granted A Sensitive BP-10 by the Regional Director MR. Robert E. McFadden, because of the Seriousness of the situation and was told that my Allegations would be investigated. Incident Report No. 2165867 was expunged.

No____  If your answer is no, explain why not.

_____

_____

_____

**NOTICE:**     Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution.  You are required to complete (exhaust) the inmate appeal or administrative remedy process before filing suit, regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002).  **Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit**. Booth, 532 U.S. at 734.

2

III. **Defendants**

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A.   Defendant Christian Lepe is employed as Operation's Lieutenant at U.S.P. Atwater

B.   Additional defendants Warden, MR Hector Alfonso Rios Jr
United States Penitentiary Atwater
P.O. Box 019001
Atwater, California 95301

IV. **Statement of Claim**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

Defendant Christian Lepe is the Primary defendant in this civil suit, because he is the of the constitutional and civil violations that took place on 5.21.2011. He is being sued in his individual and official capacity. The second defendant Hector Alfonso Rios Jr is the Warden/caretaker of U.S.P Atwater. He is responsible for the well being and safety of plaintiff Holmes and has administrative powers and duty to properly train and supervise his subordinates. He is being sued in his individual and official capacity as well.

V. **Relief.**

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

Relief can be granted in compensatory damages in the Amount $ 500,000 thousand dollars and Punitive damages to discourage this type of heave conduct and any other relief deem necessary by the court

I declare under penalty of perjury that the foregoing is true and correct.

Date 9.30.2012          Signature of Plaintiff Burdar Holmes

(Revised 2/15/2006)

Continuation Page 1 of 5
Re! Bivens Complaint
Brandon J. Holmes Plaintiff FACTUAL ALLEGATIONS

Im writing this affidavit/complaint and filing suit to lieutenant Christian Lepe, and warden Hector Alfonso Rios Jr individual and offical capecity. Pursuant to the Violations of my fourth, 5th, Eighth and 14th Amendments rights for cruel and unusual Punishment, Inappropriate misconduct by Staff, retaliation, Excessive use of force and deliberate indifference due to lieutenant MR. C. Lepe malicious and Sadistical intent to cause harm to me Secured Party MR BRANDON JAQUAY HOLMES by using Chemical Agents "GAS" to my face and body assaulting me with grave force. And for failing to inforce Code 552. 22 Where Staff ordinarily Shall first attempt to gain the inmates voluntary cooperation before using force, of rules and regulations of the federal Bereau Of Prisons. And for exposing my naked body to the entire Unit Of 1B. And for falsifying federal government documentations.

1.) on the above date 5. 21-2011 in time approximately between the hours of 3:00 Am and 4:30 Am, While housed in unit 1B cell # 129 during Sleep hours both my self Brandon J. Holmes and my cellmate Nigel Gilling's # 61248-004 was awaken by C/O MR Garcia, and C/O MR flied's and advised that our cell was flooded out with water by inmate Nathan Smith # 29088-016 who allegedly Sleep walke from time to time, and is housed next door to us in cell # 130. Who Stated that he advised Staff of the incident. Which C/O MR Garcia confirmed by Stating that he didnt think the flood was Serious enough to wake us up out of our Sleep until he looked

Continuation Page 2 of 1
Re: Bivens complaint
Brandon J. Holmes Plaintiff

inside our cell and seen the amount of water on the cell floor. 2.) As I stepped on the cell floor, my feet were meet by an inch high amount of water covering the whole entire floor inside of our cell. I was Shocked at the amount of water covering the cell floor, and asked C/O Garcia for Cleaning supplies to clean the cell with! After this the food slot was opened and towel's were placed inside the cell to remove the water from the cell floor. 3.) C/O MR Garcia than with his flash light shining in our cell, asked us to show him all our damage property which consisted of legal materials, family picture's and personal mail. After the cell was cleaned, and the cleaning supplie's were removed from our cell, the food slot was locked and secured. C/O Garcia came back to our cell and reopened the food slot and asked for A additional towel which was kept to block the bottom of the cell to prevent water from coming back into our cell! which i gave him, because he asked me too. 4.) At this time i asked to speak to a lieutenant about receiving some sort of documentation to show proof of my damage property. C/O MR Garcia stated okay and called the lieutenant. Later defendant C. Lere arrived on the sence, and asked what is the problem? I started to explain my current situation by asking for a memo or somesort of documentation to prove that my personnal property was damaged! 5.) I was told no by LT. Lere. That's when my cellmate started to speak to him and a clam manner as well! Asking for reasons why he wasn't allowing

Continuation Page 3 of 5
Rel Bivens complaint
Brandon J. Holmes Plaintiff

us some sort of documentation to show that our
Personal Property was damaged. Since the officer's
were refusing to pull us out of our cell, so that all
our damaged property will be shown on the video
camera footage. LT. Lepe stated that if he gave us
memo's that it's just like saying that him and his
officers are responsible for our damaged property,
and that's something he will not do. (6.) So my
cellmate asked him for his name. Which he wrote
down on a piece of paper and handed it to my
cellmate, than once again backed away from the
cell door. Then i started to speak to lieutenant
Lepe again, and asked how do we get proof of
our damaged property when we began to file our
claim, if he's unwilling to give us some sort of
documentation to help prove our claim? 7.) He
stated that he will write something in the log
book to show proof of our claim. I advised LT. Lepe
that i would be filing an administrative complaint
on him for his lack of assistance dealing with the
situation at hand. lieutenant Lepe stated "So what"
and here this is from MR. Rios, he sent his regard's
and this is only the beginning. Then he walked
up to the food slot, from about five feet out than
moved to my right side of the door, and tried to
slam the food slot with my right arm resting in
the food slot from conversating with him and
immediately started to use chemical agent gas/pepper
spray to my face and entire right side of my
body for every bit of five to six seconds. With

Continuation Page 4 of 8
Re: Bivens complaint
Brandon J. Holmes Plaintiff

my cellmate standing behind me. Then LT. Lepe closed the food slot with my cellmate begging to be cuffed up and removed from the cell. This was in direct violation of P.S. 5566.06 and C.F.R. Types of forces 552.21(a) Immediate use of force, Stating Staff may immediately use force and/ or apply restraints when the behavior described in 552.20 constitutes an immediate, serious threat to the inmate, Staff, others property or to institution security and good order." I Brandon J. Holmes or my cellmate was never in violation of any language in this policy. 8.) (At) the moment i could'nt even speak because i was in so much pain, my lungs, eyes and nose was filled with chemical agent "GAS" to the point I could do nothing more than choke and struggle to breath while burning up to the point where it felt like my entire body was set on fire. We was'nt allowed to be removed from the cell for at least two to three minutes minimum while LT. Lepe stood at the door with his hand over his mouth yelling burn nigger burn. This racial slur was in violation of P.S. 3420.09 "Employee conduct manual" Stating Staff may not use vulgar, demeaning language when communicating with an inmate. 9.) After this he stated Cuff Up Which me and my cellmate immediately did and was removed from the cell by officer Garcia and C/O MR field's. While my cellmate struggled to stand because of the affect of the chemical agent "GAS". And was placed in the showers in unit

Continuation Page 5 of 5
Re! Bivens complaint
Brandon J. Holmes Plaintiff

1B. With handcuff's on from the back for at least
an hour if not longer with the Shower door's locked
and secured. I also could barely see and stand and
was coughing up mucous and blood due to the severe
burning of my chest and lungs. This evil sadistic
action by Lt. Lepe was done outside of Policy and
Without Just Cause, and not being immediately
decontaminated Per Policy while waiting on the LT. to
bring A (U.O.F.) use of force team. As you will see
from the video footage of unit 1B that we were
never Put under cold water for decontamination, but
only Placed in the Shower's with handcuff's on.
10.) When the use of force team arrived I was subjuct-
-ed to more cruel and unusual Punishment, by being
removed from the Shower's totally nude and having
to walk in front of the entire unit. My arm's and
wrist's were twisted constantly thru this whole
Process. After calmly going through with this humiliating
Process Clothes were Placed on me by the use of force
team inside of the Sally Port between the entering and
exiting Part of Special housing Unit 1B. Then I was
Placed in full body restraints (hard restraints) including
a black box which is another violation [SEE P.S. 5566.00
and C.F.R. 552.22] on use of soft restraints only..
I was escorted To a different Special housing Unit
and Placed inside Cell # 234 on B-Range. While
being Placed inside the cell my groin area was grabed
with seriously grave force, causing me instant
Pain through out my whole body, nearly causing
me to PASS out from the Pain. Which caused

Continued: page 9 of 31
Re: Bivens complaint
Brandon J. Holmes Plaintiff

blood for two days to come out of my groin area.
When ever i used the restroom. 11.) I complained of
several injuries to medical staff, only to have my
complaints ignored and not documented. my burning
chest and lungs, bleeding throat, and painfull groin with
blood coming out when i used the restroom was
never acknowledged or medically assessed. I was
subjected to this cruel sadistic malicious punishment
and torture all because of a racist unprofessional
lieutenant who violated my human, civil and my
constitutional right under the 5th amendment due
process, 8th amendment cruel and unusual punishment
and violated P.S. 3420.09 "Employee conduct" Handbook"
5566.06 and C.F.R. 552.20 "Use of force" and "application
of restraints" furthermore the video footage along with
the attached exzibits A and B will verify and prove
i never grab, reach for or touch lieutenant Lefe at
all and he is without a doubt guilty of "Title 18-1001"
fabrication of documents" Chapther. 47 Fraud and false
statements, Stating "whomever in any matter within
it's jurisdiction of the executive legislature or judicial
branch of the government of the U.S. Knowing and
will fully falsify conceals or covers up any violation
of law shall be fine or imprisoned under this title." Also
see # 2 and 3 of this title. The record will reflect
because of this lieutenant unprofessional racist conduct
and false write up to justify and cover-up his actions
I was subjected to all the herein listed violations.
I was originally placed in confinement up under an
SIS investigation on 4.22.2011 for a witch-hunt

Continuation Page 10/31
Re! Bivens Complaint.
Brandon J. Holmes Plaintiff

tactic" and told by SIS officer MR Putnum that i
could'nt return to the compound, (general Population)
unless I work for the SIS (meaning become A
confidential informant) and control the other florida
inmate's and that SIS officer's would look out for
me as well. If not than he would be Putting
me in for the (S.M.U.) 23 hour lock down smooth
Program Unit. All after i exercised my constitutional
right not to become A government confidential informant
Per Warden Rios who is defendant # 2 in this case
and who has failed to intervene and Protect me. MR
Brandon J. Holmes civil, human and constitutional
rights, as the warden/caretaker of U.S.P Atwater.
moreover he failed to Properly train his subordinates.
Per P.S. 3420.09 "Employee conduct manual". The record
and documents verify warden Hector Affonso Rios Jr
Signed the 583 "Report of incident form" and the 586
"After Action review Report form". Which requires by
Policy that the Warden, Associate warden, Captain and
Health Service Administrator Properly and throughly review
all use of force Procedure's for violations of Policy.
[SEE P.S. 5566-06 Page 14 # 16" After Action review"
of use of force and application of restraints incident's
Stating verbatim" following any incident involving
use of force, whether calculated or immediate, and
the application of restraints, If applicable the
warden, Associate warden (responsible for correctional
Service's) captain and the health Service Administrator
shall meet and review the incident. The review is
to Assess the reasonableness of the Action's taken".

. Continuation Page 8 of 8
Re! Bivens complaint
Brandon J. Holmes Plaintiff

e.g. If the force used was appropriate and in proportion to the inmates actions. Also [SEE Paragraph # 2 of this same section and the "Video Review" section 1, 2, 3, 4, 5, 6, 7 and 8. With all of these rules and Policy in Place by the BOP there is no excuse that both Defendant Lepe and defendant Rios Knew or should of Known of there violations in Their offical and individual capacities. Defendant's Lepe and Rios lacked Perological. and or/security Justification to treat Plaintiff Holmes in this manner as describe herein during this entire ordeal and his confinement at U.S.P Atwater. Defendant Lepe and Rios acted wantonly maliciously and willfully.

## PRAYER FOR Relief

Wherefore Plaintiff respectfully Pray that this court
A.) Declare that the Act's and omission's described herein violated Plaintiff's right under the constitution and laws of the United States.
B.) Order defendant's to Pay compensatory and Punitive damages Total $ five hunderd thousand dollars in U.S. currency.
C.) Order defendant's to Pay reasonable Attorney fees and cost and
D.) Grant other Just and equitable ~~relies~~ relief that this Honorable court deem's necessary.
I, Brandon Jaquay Holmes, do declare under the Penalty of Perjury the laws of the united states and U.S.C $1746 that the stated Above fact's are true and correct. Signed by Bud Holz on this 30th day of september 2012 - U.S.P Lewisburg (SMU)

*Exhibit A of 1-01*
*Re: Bivens Complaint*
*Brandon J. Holmes Plaintiff*

HOLMES, Brandon
Reg. No.   73170-004
Qtrs: Lew – J01

Incident report number 2165867 for Code 224, Assaulting without
Serious Injury has been expunged after a re-hearing by the
Disciplinary Hearing Officer (DHO).   This disciplinary action was
remanded to the DHO due to questions concerning the disciplinary
hearing record and the documentary evidence used to support the
charge.

Therefore, Inmate Holmes' # 73170-004 has achieved his goal of getting
the incident report expunged thru the Administrative Remedy Process.

9-3-1\

Date                              D. Brewer, Unit Manager

Exhibit "A" of 1 of 1
Re: Bivens complaint
Brandon J. Holmes Plaintiff

HOLMES, Brandon
Reg. No.   73170-004
Qtrs: Lew - J01

Incident report number 2165867 for Code 224, Assaulting without
Serious Injury has been expunged after a re-hearing by the
Disciplinary Hearing Officer (DHO). This disciplinary action was
remanded to the DHO due to questions concerning the disciplinary
hearing record and the documentary evidence used to support the
charge.

Therefore, Inmate Holmes' # 73170-004 has achieved his goal of getting
the incident report expunged thru the Administrative Remedy Process.

9-3-1

Date                                        D. Brewer, Unit Manager

| 1. Name Of Institution: U.S.P. ATWATER, Ca. 95301 | Part I - Incident Report | | |
|---|---|---|---|

| 2. Name Of Inmate Holmes, Brandon | 3. Register Number 73170-004 | 4. Date Of Incident 05/21/2011 | 5. Time 4:20 A.M. |
|---|---|---|---|

| 6. Place Of Incident Unit 1B, cell 129 | 7. Assignment SHU UNASSG | 8. Unit 5-B |
|---|---|---|

| 9. Incident: Assaulting another person | 10. Code: 224 |
|---|---|

11. Description Of Incident (Date: 5/21/11 Time: 5:20 AM Staff became aware of incident)

On May 21, 2011 at about 4:20 a.m., I was summoned by the unit 1B Officer. I was advised that inmate Holmes, Brandon Reg. No. 73170-004 and inmate Gillings, Nigel Reg. No. 61248-004 were not allowing staff to secure the food slot door and were requesting to speak to the lieutenant. I arrived the cell 129, in unit 1B where I began to inquire into the reason why they would not allowed the food slot door to be secure. Inmate Holmes immediately stated that without any disrepect to me, that a team was going to be needed. But did not elaborate. Inmate Holmes and inmate Gillings took turns in placing their hands on the food slot doorway prevented it to be secured. Both inmates requested written proof of documentation in memorandum form explain to them that water damge had occurred to their property by actions of an inmate adjacent to their cell. Both inmates were explained that documentation would be entered in unit log books, but that neither would receive written documentation at the time. I explained to both inmates to submit a tort claim via their perspective unit team staff. As I attempted to secure the food slot door, inmate Holmes reached out and grabbed my left wrist. In an immediate use of force to free my wrist, I dispensed a 2 second burst of Pepper Spray into inmate Holmes face. Inmate Holmes released my wrist, and after consecutive orders to submit to restraints, he and inmate Gillings submitted. Both inmates were escorted out of cell 129 and into unit 1B showers for decontamination. Both inmate were subsequently placed in ambulatory restraints, medically assessed and move to the special housing unit without incident.

| 12. Signature Of Reporting Employee | Date And Time 05-21-2011 9:48 a.m. | 13. Name And Title (Printed) C. Lepe, Lieutenant | |
|---|---|---|---|
| 14. Incident Report Delivered To Above Inmate By | | 15. Date Incident Report Delivered 5-21-11 | 16.time Incident Report Delivered 6 3 7 0 |

Part II - Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident

*Exhibit "B" of 18*
*Re: Bivens complaint*
*Brandon J. Holmes Plaintiff*

| 18. A. It Is The Finding Of The Committee That You: _____ Committed The Following Prohibited Act. _____ Did Not Commit A Prohibited Act. | B. _____ The Committee Is Referring The Charge(s) To The DHO For Further Hearing. C. _____ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days. |
|---|---|

19. Committee Decision Is Based On The Following Information

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

O......BP-S288.052 INCIDENT REP.... .DFRM
MAY 1994
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

---

1. Name Of Institution:
U.S.P. ATWATER, Ca. 95301          Part I - Incident Report

| 2. Name Of Inmate<br>Holmes, Brandon | 3. Register Number<br>73170-004 | 4. Date Of Incident<br>05/21/2011 | 5. Time<br>4:20 A.M. |
|---|---|---|---|
| 6. Place Of Incident<br>Unit 1B, cell 129 | 7. Assignment<br>SHU UNASSG | 8. Unit<br>5-B | |
| 9. Incident:<br>Assaulting another person | | 10. Code:<br>224 | |

---

11. Description Of Incident (Date: 5/21/11 Time: 5:20 AM Staff became aware of incident)

On May 21, 2011 at about 4:20 a.m., I was summoned by the unit 1B Officer. I was advised that
inmate Holmes, Brandon Reg. No. 73170-004 and inmate Gillings, Nigel Reg. No. 61248-004 were not
allowing staff to secure the food slot door and were requesting to speak to the lieutenant. I
arrived the cell 129, in unit 1B where I began to inquire into the reason why they would not
allowed the food slot door to be secure. Inmate Holmes immediately stated that without any
disrespect to me, that a team was going to be needed. But did not elaborate. Inmate Holmes and
inmate Gillings took turns in placing their hands on the food slot doorway prevented it to be
secured. Both inmates requested written proof of documentation in memorandum form explain to
them that water damge had occurred to their property by actions of an inmate adjacent to their
cell. Both inmates were explained that documentation would be entered in unit log books, but
that neither would receive written documentation at the time. I explained to both inmates to
submit a tort claim via their perspective unit team staff. As I attempted to secure the food
slot door, inmate Holmes reached out and grabbed my left wrist. In an immediate use of force to
free my wrist, I dispensed a 2 second burst of Pepper Spray into inmate Holmes face. Inmate
Holmes released my wrist, and after consecutive orders to submit to restraints, he and inmate
Gillings submitted. Both inmates were escorted out of cell 129 and into unit 1B showers for
decontamination. Both inmate were subsequently placed in ambulatory restraints, medically
assessed and move to the special housing unit without incident.

---

| 12. Signature Of Reporting Employee | Date And Time<br>05-21-2011<br>9:48 a.m. | 13. Name And Title (Printed)<br>C. Lepe, Lieutenant | |
|---|---|---|---|
| 14. Incident Report Delivered To Above Inmate By | | 15. Date Incident<br>Report Delivered<br>5-21-11 | 16.time Incident<br>Report Delivered<br>6 3 5 p ~ |

Part II - Committee Action

---

17. Comments Of Inmate To Committee Regarding Above Incident

EXhibit "B" 2 of 18
Re: Bivens complaints
Brandon J. Holmes Plaintiff

---

| 18. A. It Is The Finding Of The Committee That You:<br>_____ Committed The Following Prohibited Act.<br><br>_____ Did Not Commit A Prohibited Act. | B. _____ The Committee Is Referring<br>The Charge(s) To The DHO For Further<br>Hearing.<br>C. _____ The Committee Advised The<br>Inmate Of Its Finding And Of The Right<br>To File An Appeal Within 15 Calendar<br>Days. |
|---|---|

---

19. Committee Decision Is Based On The Following Information

---

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate
committed prohibited act)

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** Holmes Brandon J          73170-004    Z Block    Lewisburg
         LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A- INMATE REQUEST** To DHO MR B. Chambers. This complaint is been written Pursuant to the violation of my first admendment Due Process Rights. Due to the fact that I denied Report number/2165867 of a code 224 for a minor Assault that occured on 5.21.2011 at USP Atwater during my DHO Hearing here at USP SMU Lewisburg that took place on 10.25.2011, I denied the allege offense and requested to proceed with the Process of having the video camera reviewed to Prove my innocence. you stated that there was no need for this Process and that you would expenge this incident report, But upon review of my Disciplinary Record I see that you have not Kept your word to expunge of this incident report but have place the incident report on the shelf with 180 day's suspension based on clear conduct. I have already sent you A BP-8 on 10.28.2011. Counselor MR Edinger is my witness, so Im requesting sir that you either honor your word in expunge incident report 2165867 of code 224 or that I receive A New DHO Hearing with the video camera to

12.13.2011          Prove my Innocence,          Buds ~~~~
DATE          SIGNATURE OF REQUESTER

**Part B- RESPONSE**

Exhibit "B" 3 of 18
Re: Bivenscomplaint
Brandon J. Holmes
Plaintiff

RECEIVED
DEC 19 2011
ADMIN REMEDY CLERK
USP LEWISBURG

DATE                              WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**          CASE NUMBER: _____

                                        CASE NUMBER: 669165-F1

**Part C- RECEIPT**
Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          ⊛          _____
DATE          PRINTED ON RECYCLED PAPER          RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                        BP-229(13)
                                               APRIL 1982

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Holmes Brandon J            73170-004      Z Block      Lewisburg
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.        UNIT        INSTITUTION

**Part A- INMATE REQUEST** To DHo MR B. Chambers. This complaint is been writt
persuant to the violation of my first admendment Due Process Rights. Due
to the fact that I denied Report number/2165867 of a code 224 for a
minor Assault that occured on 5.21.2011 at USP Atwater during my
DHo Hearing here at USP SMU Lewisburg that took place on 10.25.2011.
I denied the allege offense and requested to proceed with the process of having
the video camera reviewed to prove my innocence. You stated that there was
no need for this process and that you would expunge this incident report.
But upon review of my Disciplinary Record I see that you have not kept
your word to expunge of this incident report but have place the incident report
in the shelf with 180 day's suspension based on clear conduct. I have Alrea
sent you a BP-8 on 10.26.2011. Counselor MR. Edinger is my witness. So Im
requesting sir that you either honor your word in expunge incident report 216586
of code 224 or that I receive A New DHo Hearing with the video camera to
prove my innocence.

12.13.2011            Prove my Innocence,            Brandon Holmes
DATE                                              SIGNATURE OF REQUESTER

**Part B- RESPONSE**

Exhibit "B" 4 of 18
Re! Bivens complaint.
Brandon J. Holmes Plaintiff

RECEIVED
DEC 19 2011
ADMIN REMEDY CLERK
USP LEWISBURG

_____            _____
DATE                               WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**            CASE NUMBER: _____

                                          CASE NUMBER: 669165-F1

**Part C- RECEIPT**
Return to: _____
                LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

DATE _____         RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                    BP-229(13)
                                                           APRIL 1982

**U.S. Department of Justice**

Federal Bureau of Prisons

04-12-2012 GRS

**Regional Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Holmes  Brandon  J.  73170-004  G-Block  Lewisburg

LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

Part A - REASON FOR APPEAL Please Note: That i have requested my DHO Report 5 times and have not received one! This complaint is being written pursuant to the violation of my first Amendment Due Process Rights. Due to the fact that i denied Report # Status 2165867 of a code # 224 for a minor assault that allegedly occured on 5.21.2011 at USP atwater, During my DHO hearing here at U.S.P. S.MU Lewisburg that took place on 10.25.2011. I denied the alleged offense and requested to Proceed with the Process of having the video camera reviewed to Prove my innocence. I was told by DHO MR B. Chamber's that there was no need to Proceed because he have already reviewed the video camera and have seen that i am innocent. upon relia was told it was! But Placed on the Shelf with a 180 day's suspension based on clear conduct, So im requesting that DHO MR. B Chamber's either honor his word and exPunge incident report # 2165867 of code # 224 or that you guys grant me a new DHO hearing with the video camera band reviewed to Prove my innocence. And for the video camera to be Persevered and Kept for further Prosecution. 4.19.2012                    Brandon Holmes

DATE                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

Exhibit "B" 5 of 18
Re: Bivens Complaint
Brandon J. Holmes Plaintiff

---

DATE                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 686326-R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

DATE                                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                    PRINTED ON RECYCLED PAPER          BP-230(13)
JUNE 2002

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Holmes Brandon
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL** Please Note: That i have requested my DHO Report 5 times and have not received one. This complaint is being written Pursuant to the violation of my First Amendment Due Process Rights. Due to the fact that i denied Report # status 2165867 of a code # 224 for a minor assault that allegedly occured on 5.21.2011 at USP atwater, During my DHO hearing here at U.S.P. S.M.U Lewisburg that took Place on 10.25.2011. I denied the alleged offense and requested to proceed with the Process of having the video camera reviewed to prove my innocence. I was told by DHO. MR B. Chambers that there was no need to proceed, because he have already reviewed the video camera and have seen that i am innocent. upon review of my disciplinary Record I have seen that the above incident report was not expunged like i was told it was, But Placed on the shelf with a 180 days suspension based on clear conduct, So im requesting that DHO MR. B Chambers either honor his word and expunge incident report # 2165867 of code # 224 or that you guys grant me a new DHO hearing with the video camera being reviewed to Prove my innocence. And for the video camera to be Persevered and Kept for further Prosecution. 4.19.2012

DATE _____          SIGNATURE OF REQUESTER

**Part B - RESPONSE**



Exhibit "B" 5 of 18
Rel Bivens Complaint
Brandon J. Holmes Plaintiff

DATE RECEIVED
REGIONAL COUNSEL
NE/R-PHILADELPHIA
APR 2 5 2012
PA

_____ DATE          REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.
FIRST COPY: REGIONAL FILE COPY.          CASE NUMBER: 686326 R1

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION
SUBJECT: _____

_____ DATE          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002
USP LVN

**HOLMES, Brandon**
Reg. No. 73170-004
Appeal No. 686326-R3
Page One

---

### Part B - Response

You appeal the October 25, 2011, decision of the Discipline
Hearing Officer (DHO) at USP Lewisburg finding you committed the
prohibited act of Assault, Code 224, Incident Report No.
2165867.  You contend the DHO told you the video showed you were
innocent, but the report was not expunged.  You request the
report be expunged.

A review of your appeal revealed questions concerning the
disciplinary hearing record and the documentary evidence used to
support the charge.  Accordingly, this disciplinary action is
being remanded.  You will be notified of the date and time of
any further proceedings.  After further proceedings, you may
appeal again to this office if you desire.  Your appeal is
partially granted.

Date: July 3, 2012

J. L. NORWOOD
Regional Director

Exhibit "B" 2 of 18
Re! Bivens complaint
Brandon J Holmes
Plaintiff

**HOLMES, Brandon**
Reg. No. 73170-004
Appeal No. 686326-R3
Page One

## Part B - Response

You appeal the October 25, 2011, decision of the Discipline
Hearing Officer (DHO) at USP Lewisburg finding you committed the
prohibited act of Assault, Code 224, Incident Report No.
2165867. You contend the DHO told you the video showed you were
innocent, but the report was not expunged. You request the
report be expunged.

A review of your appeal revealed questions concerning the
disciplinary hearing record and the documentary evidence used to
support the charge. Accordingly, this disciplinary action is
being remanded. You will be notified of the date and time of
any further proceedings. After further proceedings, you may
appeal again to this office if you desire. Your appeal is
partially granted.

Date: July 3, 2012

J. L. NORWOOD
Regional Director

Exhibit "B" 20f 15
Re! Buens complaint
Brandon J. Holmes
Plaintff

Holmes Brandon J.        73120-004      G-Block         Lewisburg.

## BP-10 Appeal Attachment:

IF you would have read the BP-10 Appeal that i sent you guys, than you would have noticed that, the date of the Allege assault took Place was on 5/31/2011. My DHO Hearing was conducted here at U.S.P SMU Lewisburg on 10/25/2011. I was told by DHO MR. B Chambers that the incident Report # 2165867 of code 224 for a minor Assault would be Expunged. Upon my Personal investigation i found this to be untrue. So i requested A copy of my DHO Report, but have never received anything and return. my unit manager MR Brewer have also done everything in his Power to help me receive A copy of this DHO Report, But have not been able to locate anything! That's why you see his memo Attached with my Appeal. Please note' that it's not my fault that i was lied to and was never sent A copy of this DHO Report. There fore there's no such thing As A untimely manner for A DHO Report that i never received. That's why i am requesting A new DHO Hearing with the video camera of date 5/31/2011 And time of the Allege offense to be Persevered. So Please explain to me why are my requests not being honored? Remedy ID# 686326-R2

5/23/2012                                              Budet Here
Date

Exhibit "B" 9 of 18
Rel Biven's complaint
Brandon J. Holmes Plaintiff

Holmes Brandon J      73120-004    G-Block    Lewisburg

## BP-10 Appeal Attachment:

IF you would have read the BP-10 Appeal that i sent you guys, than you would have noticed that, the date of the Allege assault took Place was on 5/31/2011. My DHO Hearing was conducted here at U.S.P SMU lewisburg on 10/25/2011. I was told by DHO MR. B Chambers that the incident report# 2165867 of code 224 for a minor assault would be expunged. Upon my Personal Investigation i found this to be untrue. So i requested a copy of my DHO Report, but have never received anything and return. my unit manager MR. Brewer have also done everything in his Power to help me receive a copy of this DHO Report, But have not been able to locate anything! Thats why you see his memo Attached with my Appeal. Please note that its not my fault that i was lied to and was never sent a copy of this DHO Report. Therefore there's no such thing as a untimely manner for a DHO Report that i never received. Thats why i am requesting a new DHO Hearing with the video camera of date 5/31/2011 And time of the Allege offense to be Persevered. So Please explain to me why are my requests not being honored? Remedy ID# 686326-R2

5/23/2012
Date

Buted Here

Exhibit "B" 10 of 18
Re: Biven's complaint
Brandon J. Holmes Plaintiff

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

*Sensitive BP-10*

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Holmes   Brandon   J__     __73170-004__    __Special housing__    __Atwater U.S.P__
    LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** This Sensitive BP-10 is been written Pursuant to the eight and 14th Amendment for Excessive Use of force and cruel and unusual punishment and the torture Act 1989, 1465 U.N.T.S. 85, 23 I.L.m 1027, Lieutenant LeRe cruelly, maliciously and sadistically caused harm to the Plaintiff and secured Party MR. Brandon Jequay Holmes on 5.21.2011 between the hours of 3:00 AM To 4:00 AM. As Interpreted by the supreme court of the United States Whitley vs. Albers 475 U.S 312, 106 s.ct 1078, 89 89L.Ed 2d. 251, Hudson vs mc Millian 503 U.S. At 9, 112 s.ct 995" when Prison official's maliciously and sadistically use force to cause harm. Lieutenant LeRe action's regarding my Property damage, legal work, family Pictures and personal mail due to flooding, and maliciously, sadistical and torturous actions and intent can be clearly identified by his own hand, in his fictious incident report to cover his action's by also stating that warden MR. Rios sent his regard's, and that this is only the beginning before using Chemical agent's to my face and body. See nfft it Attach to this sensitive BP-10 including incident reports and other documentation advising you guy's of what's going on, my affidavit will explain why I fear for my life, and why I'm requesting to be moved to another U.S.P immediately for my own safty. So I can Pursuit my claim for Excessive Use of force without any malious and sadistic action taking towards me again by the staff a U.S.P Atwater

__5.31.2011__
DATE

__Brandon Holmes__
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

Exhibit "B" 14 of 18
Rei Biven's complaint
Brandon J. Holmes. Plaintiff

RECEIVED
JUN 6 2011
WESTERN REGIONAL OFFICE

 

_____     _____
       DATE                          REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE            CASE NUMBER: _____

**Part C - RECEIPT**
                                  CASE NUMBER: __643609-R1__

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION
SUBJECT: _____

_____     _____
       DATE                        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN       PRINTED ON RECYCLED PAPER                        BP-230(13)
                                                        JUNE 2002

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

Sensitive BP-10

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Holmes, Brandon J.          73170-004          3Federal hou unit          Atwater U.S.P
        LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL** This Sensitive BP-10 is been written Pursuant to the eight and 14th Amendment for excessive use of force and cruel and unusual Punishment and the torture Act 1989, 18 U.S.C.T.S., 85, 23 L.M 1037. Lieutenant Lefe cruely, maliciusly and sadistically caused harm to the Plantiff and secured my MR. Brandon Jaquay Holmes on 5-21-2011 between the hours of 3:00 AM Torq: co.am, as entertained by the Supreme Court of the United States Whitley vs Albers 475 u.s 312, 106 s.ct 1078, 89 L.ed 2d 51, Hudson vs mc millian 503 u.s. At 9. 112 s ct 995 "when Prison officials maliciously and sadistically act to cause harm. Lieutenant Lefe edition's regarding my Property damage, legal work, Family Pictures and Personal all due to flooding, and malicious, sadistical and torturous actions and intent can be clearly Identified by on hand, In his Fictious incident report to cover his actions by also stating that written MR Kleo said s reguard's, and that this is only the beginning before using Chemical agents to my face and body. See also Attach to this sensitive BP-10 Facuility incident reports and other documentation advising you guys whats going on, my Affidavit will explain why I fear for my life, and why Im requesting to be never another U.S.P immedicately for my own safty. So I can Pursuit my claim for excessive use of force about any malicious and sadistic action taking towards me again by the staff at u.s.P Atwater

5-31-2011          Buds/Holm
     DATE          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

Exhibit "B" 120f 15
Re! Biven's Complaint
Brandon J. Holmes
                              Plaintiff

JUN 6 2011

---

                              DATE                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 60

**Part C - RECEIPT**

          CASE NUMBER: 643609-R1

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT:_____

          DATE                                        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

643609-R1                                      USP Atwater

This is in response to your Administrative Remedy Appeal dated
May 31, 2011, in which you allege your property was damaged due
to flooding. Additionally, you allege staff used force to do
you harm. As relief, you ask for an immediate transfer.

The Bureau of Prisons takes allegations of staff misconduct
seriously and they are thoroughly investigated. Therefore, your
allegation has been referred to the appropriate office for
investigation. However, information concerning staff conduct
and performance is protected by the Privacy Act, 5 USC § 552a.
This response is provided for informational purposes only.

If dissatisfied with this response, you may appeal to the Office
of the General Counsel, Bureau of Prisons, 320 First Street,
N.W., Washington, D.C., 20534. Your appeal must be received in
the General Counsel's Office within 30 calendar days of the date
of this response.

7/13/11
_____                    _____
Date                               Robert E. McFadden, Regional Director

Rec'd ATW SHU
and delivered to #/m
7-26-11

Exhibit "B" 3 of 18
Rel Bivens complaint
Brandon J. Holmes Plaintiff

643609-R1                                                    USP Atwater


This is in response to your Administrative Remedy Appeal dated
May 31, 2011, in which you allege your property was damaged due
to flooding.  Additionally, you allege staff used force to do
you harm.  As relief, you ask for an immediate transfer.

The Bureau of Prisons takes allegations of staff misconduct
seriously and they are thoroughly investigated.  Therefore, your
allegation has been referred to the appropriate office for
investigation.  However, information concerning staff conduct
and performance is protected by the Privacy Act, 5 USC § 552a.
This response is provided for informational purposes only.

If dissatisfied with this response, you may appeal to the Office
of the General Counsel, Bureau of Prisons, 320 First Street,
N.W., Washington, D.C., 20534.  Your appeal must be received in
the General Counsel's Office within 30 calendar days of the date
of this response.


  7/13/11
_____                    _____
   Date                        Robert E. McFadden, Regional Director

fec'd ATW SHU
and delivered to I/m
7-28-11

Exhibit "B" #of 18
Re! Bivens complaint
Brandon J. Holmes
                        Plaintiff

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Holmes Brandon J        73170-004        S H U        Atwater
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL** Im writing you guy's this affidavit/complaint Pursaunt to the violations of my fourth, eight, and 14th amendment rights for cruel and unusual Punishment, inappropriate misconduct by staff, Retaliation, Excessive use of force and deliberate indifference Due to LT. Lepe malicious and sadistical intent to cause harm to me secured Party Mr Brandon Jaquay Holmes on date 5.21.2011 At or between the hours of 3:00 Am & 5:30 Am by using chemical agent to my face and body causing Exreme Pain. And for stating that warden MR Rios sent his regards because of Past Incident between my-self and mr Rios. Also for violation of my Privacy by taking me out of the showers in unit-1B exposing my entire naked body to the whole entire unit of 1-B and for writing me a code 224 for a Assault and for falsifying documentation. A Review of the cameras in unit 1B will show that everything I have wrote is true. And for Property damage as well. I would like to be compensated a total of $50 million dollars in U.S currency or gold for all damages and immediately release from Prison under code 18 U.S.C. 3582(C)(1)(A). And for LT. Lepe to be Permanently relieved from duty and for him to be charged with Assault & Battery. The western Region has failed to state all my relief that I placed in my Affidavit so now im sending it to you guy's Please Personally review all camera's in unit 1B on the above date in time of the incident.

8.29.2011        643609-A1        *Buchal Holmes*
DATE        Remdy ID# 643609-R1        SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED

SEP 0 6 2011

Administrative Remedy Section
Federal Bureau of Prisons

Exhibit "B" 15 of 15
Ref. Bivens complaint
Brandon J. Holmes
Plaintiff

_____        _____
DATE        GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE        CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____        _____
DATE        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN        Printed on Recycled Paper        BP-231(13)
APRIL 1982

**U.S. Department of Justice**

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Holmes Brandon T.        73141-004        C H11        Atwater
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL** In Writing you guys this affidavit/complaint. Pursuant to the violations of my fourth, Eight, and 14th amendment Rights for Cruel and unusual Punishment Inappropriate unconstitutional by staff, Retaliation excessive use of force and deliberate indifference Due to LT Lere malicious and sadistical intent to cause harm to me Secured Party inmate Brandon Jaquez Holmes on date 5-21-2011 At or between the hours of 3:00 Am & 5:30 Am by using chemical agent to my face and body causing Exeme Pain. And for Stating that warden MR Rios sent his regards because of Past incident between my-self and MR Rios. Also for Violation of my Privacy by taking me out of the showers in unit-13 Exposing my Entire naked body to the whole entire unit of 13B and for writing me a code 224 for a Assault and for falsifying documentation. A Review of the cameras in unit 13 will show that Everything I have wrote is True. And for Property damages as well. I would like to be compensated a total of 9.50 Million dollars in U.S. currency or Gold for all damages and immediately release From Prison under code 18 U.S.C 3582(C)(1)(A) And for LT Lere to be Permanently relieved from duty and for him to be Charged with Assault & Battery. The western Region has failed to state all my relief that I placed in my Affidavit so now I'm sending it to you guys Please personally review all cameras in unit 13 on the above date in time of the incident.

8-29-2011        643609-A1        [signature]
DATE        Remedy In# 643609-R1        SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED

SEP 06 2011

Administrative Remedy Section
Federal Bureau of Prisons

Exhibit B 1 thru P.18
Re: Biven's complaint
Brandon J. Holmes
Plaintiff
Exhibit B - Jr. Plaintiff

DATE        GENERAL COUNSEL

FIRST COPY: WASHINGTON FILE COPY        CASE NUMBER: HOLMES

**Part C—RECEIPT**        CASE NUMBER:

Return to:
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT:

DATE        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL        BP-231(13)
USP LVN        APRIL 1982

**Administrative Remedy No. 643609-A3**
**Part B - Response**

This is in response to your Central Office Remedy Appeal, in which
you contend staff violated your rights by spraying a chemical agent
at your face and using excessive force against you.  You contend you
were locked out of the shower and your naked body was exposed to the
entire unit.  You also complain the incident report for grabbing
through the food slot was falsified.  You contend the video cameras
showed you did not assault the staff member.  You request $50 million
in compensation for physical and mental damages.  You also request
the incident report to be expunged.

Our review reflects the Warden and Regional Director adequately
addressed your concerns.  Allegations against staff are taken
seriously and will be handled in accordance with policy.  It is noted
the Regional Director has referred this matter for appropriate
disposition.

The administrative remedy process is not appropriate for seeking
monetary relief.  There are statutorily-mandated procedures in
place for addressing such relief.  As such, your request will not
be considered in this response.

Accordingly, your request for appeal is denied.

_July 27, 2012_
Date

Harrell Watts, Administrator
National Inmate Appeals /10

Exhibit "B" 12 of 18
Rel Bivens complaint
Brandon J. Holmes
Plaintiff

RECEIVED
Warden's Office

AUG 7 2012

**Administrative Remedy No. 643609-A3**
**Part B - Response**

This is in response to your Central Office Remedy Appeal, in which
you contend staff violated your rights by spraying a chemical agent
at your face and using excessive force against you.   You contend you
were locked out of the shower and your naked body was exposed to the
entire unit.   You also complain the incident report for grabbing
through the food slot was falsified.   You contend the video cameras
showed you did not assault the staff member.   You request $50 million
in compensation for physical and mental damages.   You also request
the incident report to be expunged.

Our review reflects the Warden and Regional Director adequately
addressed your concerns.   Allegations against staff are taken
seriously and will be handled in accordance with policy.   It is noted
the Regional Director has referred this matter for appropriate
disposition.

The administrative remedy process is not appropriate for seeking
monetary relief.   There are statutorily-mandated procedures in
place for addressing such relief.   As such, your request will not
be considered in this response.

Accordingly, your request for appeal is denied.

July 27, 2012
Date

Harrell Watts, Administrator
National Inmate Appeals AO

Exhibit "B" 15 Of 15
Re! Bivens complaint
Brandon J. Holmes
Plaintiff

**RECEIVED**
**Warden's Office**

**AUG   7 2012**