1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT FOR THE
9                  EASTERN DISTRICT OF CALIFORNIA
10
11  BRANDON JAQUAY HOLMES,              1:12-cv-01649-AWI-MJS (PC)
12          Plaintiff,
                                        ORDER DENYING MOTION FOR
13  v.                                  APPOINTMENT OF COUNSEL
14  CHRISTIAN LEPE, et al.,
15          Defendants.                 (ECF No. 8)
16  _____/

17       Plaintiff Brandon Jaquay Holmes ("Plaintiff") is a prisoner proceeding pro se in a civil

18  rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of

19  Narcotics, 403 U.S. 388 (1971).  On April 22, 2013, Plaintiff filed a motion seeking the

20  appointment of counsel.  ( ECF No. 8.)

21       Plaintiff does not have a constitutional right to appointed counsel in this action, Rand

22  v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney

23  to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District

24  Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).

25       In certain exceptional circumstances the Court may request the voluntary assistance

26  of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  However, without a

27  reasonable method of securing and compensating counsel, the Court will seek volunteer

28
                                     -1-

1  counsel only in the most serious and exceptional cases.   In determining whether
2  "exceptional circumstances exist, the district court must evaluate both the likelihood of
3  success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light
4  of the complexity of the legal issues involved."  Id. (internal quotation marks and citations
5  omitted).

6       In the present case, the Court does not find the required exceptional circumstances.
7  Even if it is assumed that Plaintiff is not well versed in the law and that he has made
8  serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
9  This Court is faced with similar cases almost daily.   Further, at this early stage in the
10 proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on
11 the merits, and based on a review of the record in this case, the Court does not find that
12 Plaintiff cannot adequately articulate his claims.  Id.

13      For the foregoing reasons, Plaintiff's motion for appointment of counsel is DENIED,
14 without prejudice.

15

16 IT IS SO ORDERED.

17 Dated:   April 29, 2013      /s/ *Michael J. Seng*

     UNITED STATES MAGISTRATE JUDGE