# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON JAQUAY HOLMES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTIAN LEPE, et al.,<br><br>　　　　　Defendants. | Case No.  1:12-cv-01649-AWI-MJS (PC)<br><br>ORDER DENYING MOTIONS FOR DEFAULT<br><br>ECF No. 26, 27 |

   Plaintiff Brandon Jaquay Holmes ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

   Plaintiff initiated this action on October 9, 2012.  (ECF No. 1.)  On May 21, 2013, the Court found that Plaintiff stated a cognizable Eighth Amendment claim against Defendant Lepe.  (ECF Nos. 10, 15-16.)  On October 2, 2013, the Court ordered the United States Marshal to serve Defendant Lepe.  (ECF No. 20.)  Defendant Lepe was served on November 6, 2013, and his answer was due on November 27, 2013.  (ECF No. 22.)  Defendant Lepe filed an Answer on January 10, 2014.  (ECF No. 23.)

   Plaintiff has filed two motions for an entry of default judgment against Defendant Lepe due to Defendant Lepe's failure to timely respond to Plaintiff's Complaint.  (ECF Nos. 26, 27.)

As a general rule, default is disfavored and cases should be decided on their merits whenever reasonably possible. Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009) (quotation marks omitted); TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 693 (9th Cir. 2001); Eitel v. McCool, 782 F.3d 1470, 1472 (9th Cir. 1986). In this instance, Defendant Lepe's delay in filing his answer was not significant. The impact of the delay was minimal. Even if default had been entered before Defendant Lepe filed his Answer, it would likely have needed to be vacated because "[j]udgment by default is a drastic step appropriate only in extreme circumstances; a case should whenever possible, be decided on the merits." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085 (9th Cir. 2010), citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir.1984). Although Defendant Lepe's answer was late, Plaintiff has not been significantly impacted by this delay and Plaintiff's motions should be denied.

Accordingly, Plaintiff having presented no basis upon which a default could be taken against Defendant Lepe, his motions for a default judgment is DENIED.

IT IS SO ORDERED.

Dated:   February 26, 2014               /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE

2